Callahan, J.
(dissenting). I am unable to concur with the majority holding in respect to the contract annexed to the option agreement in this case.
It seems to me that the parties did not intend to give the purchaser a five or possibly ten-year period during which he might sit idly by without payment of any kind or further action on his part to await the possible lifting of a governmental ban against removal of guano from the islands in question. The contract requires the purchaser to dig, mine and remove the guano immediately on execution at no less than 1,000 tons in any one year during the term of the agreement. It also provides that such operations be conducted in accordance with the laws of the United States. The fact is that both sides were aware of the Government’s refusal over a period of many years to license or permit such work. Accordingly, it would appear that the parties must have contemplated a change of position or attitude on the part of the Government and a lifting of its ban before execution of the contract. I think that this is the only reasonable inference in the circumstances of this case. In my opinion the consent of the Government to the operations covered by the contract was in the nature of a condition precedent to the valid exercise of the purchaser’s option so as to effect a binding final agreement.
If, as the defendant contends, the parties had it in mind to give the purchaser a contractual right to remove guano from the islands at any time that such removal might become lawful within the term of the proposed agreement, it would have been an easy matter to manifest such intention in plain and unmistakable language. Indeed, if such was the intent of the parties, there was little point in granting an option of three months to the purchaser to consider whether or not he desired to enter into the contract. The courts are reluctant to construe a contract or agreement in such manner that one party is placed at the mercy of another.
It may be pertinent to note that the provisions of paragraph 11 relate to cancellation of the contract after execution and commencement of performance.
I vote to reverse the judgment appealed from and for declaratory judgment in favor of the plaintiff.
Peck, P. J., Cohn and Van Voorhis, JJ., concur in Per Curiam opinion; Callahan, J., dissents and votes to reverse the judgment appealed from and for declaratory judgment in favor of the plaintiff, in an opinion in which Dobe, J., concurs.
Judgment affirmed, with costs,